UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CATERINA BIONDO,

    Debtor.

Case No. 21-11462
Bankruptcy Case No. 18-49025

_____/

CATERINA BIONDO,

    Appellant,

v.

GOLD, LANGE, MAJOROS & SMALARZ, P.C.,

    Appellee.

_____/

**OPINION AND ORDER DISMISSING APPEAL**

Appellant Caterina Biondo appeals the bankruptcy court's decision granting in full the "First and Final Fee Application for Services Rendered as Attorneys for Trustee" filed by Appellee Gold, Lange, Majoros & Smalarz, P.C. ("Gold"). (ECF No. 1, PageID.4.) Biondo argues on appeal that the bankruptcy court improperly overruled her objection to approximately $2,880.00 of the $10,002.50 in attorneys' fees sought by Gold for its legal work performed on behalf of the Chapter 7 bankruptcy trustee. The court has determined that a hearing is unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the court's process would not be aided by oral argument. *See* Fed. R. Bankr. P. 8019(b); E.D. Mich. L.R. 7.1(f)(2). For the reasons explained below, the court finds that Biondo's appeal should be dismissed as moot.

## I. BACKGROUND

In June 2018, Biondo filed a voluntary Chapter 7 petition for individual bankruptcy. (*See* ECF No. 4, PageID.17.) Gold performed legal services on behalf of the Chapter 7 Trustee appointed to oversee the bankruptcy estate. The case resulted in 100% distribution to the general unsecured creditors, an exemption payment of $35,432.61 to Biondo as the debtor, and a surplus distribution to Biondo in the amount of $2,727.33. (*Id.*, Page.ID 199-200.) A Trustee's certification of distribution was entered on June 2, 2021. (*Id.*, PageID.271-72.) Biondo's initial petition listed possible claims against other parties of "unknown value" stemming from an "auto accident." (ECF No. 7, PageID.566.) Subsequently, the Trustee discovered the appropriate defendants and hired a separate attorney to pursue legal actions for both unpaid no-fault insurance benefits and a separate lawsuit for pain and suffering against the negligent driver in a 2017 auto accident involving Biondo.[1] By February 2021 the bankruptcy court had approved proposed settlements for both accident-related legal claims that netted the bankruptcy estate $14,209.24 and $46,077.14 respectively. (*Id.*, PageID.568.)

On March 1, 2021, before one of the auto-accident settlements checks had arrived, Biondo filed a Motion to Compel Trustee to Abandon Property and/or Disburse Exempt Funds to Debtor. (*Id.*, PageID.569; ECF No. 4, Pg.ID 119.) The Trustee decided to oppose Biondo's motion and so Gold filed a brief in response. (ECF No. 4, Pg.ID

---

[1] In the parlance of Michigan no-fault automotive insurance litigation, a claim for benefits against an accident victim's own insurer is called a "first party" claim, while a liability of claim for compensation from the negligent individual is referred to as a "third-party" claim.

2

136.) But before the motion could be decided by the bankruptcy court, it essentially became moot when the second settlement check arrived during March 2021 and so Gold negotiated and drafted a stipulation resolving the motion to compel on March 22, 2021. (ECF No. 7, PageID.569.)

With the bankruptcy case now coming to a close, Gold filed its "first and final" request for attorneys' fees seeking $10,002.50 for services rendered. (ECF No. 4, Page.ID 149.) On May 7, 2021, Biondo filed an objection to Appellee's fee application. (ECF No. 4, Page.ID 203.) She argued that Gold should not be allowed to seek $2,880.00 attorneys' fees for the time Gold spent opposing Biondo's motion to compel distribution because by opposing her motion, the Trustee pursued an argument "'not reasonably likely to benefit the debtor's estate. . . or necessary to the administration of the case.'"  (*Id.*, PageID.204-05 (quoting 11 U.S.C. § 330(a)(A)(ii)).) Biondo argued that Gold's stated reason for opposing the motion, based on the applicably of an exemption contained in 11 U.S.C. § 522 (d)(11)(D), was clearly not applicable to the auto settlement. (*Id.*, PageID.207-08.) The bankruptcy court denied the fee objection finding at the hearing "that the [T]rustee's position and argument about that exemption claim was very much more than colorful. It was very plausible and may well have been correct."  (*Id.*, Page.ID 291.)

On June 2, 2021, the bankruptcy court formally granted the final fee application and entered a final account certification on July 14, 2021. (ECF No. 1, Pg.ID 4.) While Plaintiff filed the present motion of appeal regarding the fee application on June 22, 2021, she did not move to stay the underlying bankruptcy case (*see id.*), so on

3

September 10, 2021, the Bankruptcy Court entered a text order declaring the bankruptcy estate fully administered, the Trustee discharged, and the bankruptcy case closed. (*See* ECF No. 7, PageID.570.)

## II. STANDARD

As an equitable determination, the bankruptcy court's decision to award attorneys' fees is reviewed for abuse of discretion. *See In re Wiczorek*, No. 12-13503, 2013 WL 1120019, at *3 (E.D. Mich. Mar. 17, 2013) (Cleland, J.). An abuse of discretion is defined as

> a definite and firm conviction that the [bankruptcy court] committed a clear error of judgment. The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.

*In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 529 (6th Cir. 2002) (citations omitted).

## III. DISCUSSION

Gold opposes the present appeal on two main grounds. First, it argues that Biondo's appeal regarding the attorneys' fees is now equitably moot because Biondo "failed to obtain a stay, the bankruptcy case has been closed[,] and the Chapter 7 Trustee discharged." (ECF No. 7, PageID.571.) Second, Gold argues that the bankruptcy court reached the correct determination when it found that Gold's opposition to Biondo motion to compel before the settlement check from the auto accident had been received was not frivolous. (*Id.*, PageID.572.) The court agrees that the issue is now moot.

4

The doctrine of equitable mootness "preserv[es] interests bought and paid for in reliance on judicial decisions and avoid[s] the pains that attend any effort to unscramble an egg." *Matter of UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994). Although equitable mootness is more common in reorganizations, many courts have employed equitable mootness principles in Chapter 7 liquidations. *See, e.g.*, *In re Kay Bee Kay Properties, LLC*, No. 2:20-CV-10950, 2020 WL 7626773, at *4 (E.D. Mich. Dec. 22, 2020) (Murphy, J.); *In re Connolly N. Am., LLC*, 432 B.R. 244, 250–51 (E.D. Mich. 2010) (Rosen, J.). Equitable mootness is implicated "when the appellant has failed to obtain a stay and although relief is possible[,] the ensuing transactions are too complex and difficult to unwind." *In re PW, LLC*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008) (internal quotations and citations omitted).

In determining if the doctrine of equitable mootness applies, the court must weigh three factors. The first and "most important factor" is "whether the relief requested [on appeal] would affect either the rights of parties not before the court or the success of the plan [of reorganization]." *Bank of Montreal v. Official Committee of Unsecured Creditors* (*In re American HomePatient, Inc.*), 420 F.3d 559, 564 (6th Cir. 2005). Second, the court must ask "whether a stay has been obtained," and third, "whether the plan [of reorganization] has been substantially consummated." *In re American HomePatient*, 420 F.3d at 563 (internal quotation marks and citations omitted); *see also In re Connolly N. Am., LLC*, 432 B.R. at 251 (applying these factors to Chapter 7 case).

Here, Gold argues that the first factor points strongly in favor of a finding the claim moot because reversing the attorney fee award would require reopening the

5

bankruptcy case and "appointing a new Trustee and potentially an adversary proceeding or motion to recover the funds." (ECF No. 7, PageID.571-72.) Gold reasons that the "costs of such a proceeding would likely risk altering the distributions to creditors, other parties not on the appeal, and the debtor's surplus." (*Id.*, PageID.572.) Biondo responds that such concerns are overblown because "returning the funds in question will not affect the success of the Chapter 7 case." (ECF No. 8, PageID.585.) Biondo's view, however, ignores that the surplus in the present bankruptcy matter was *only* $2,727.33, so even relatively modest additional administrative resulting from reopening the case carries the very real possibility of pushing the bankruptcy estate from a surplus to a deficit, at which point the claims of third-party creditor could be implicated. *See In re Kay Bee Kay Properties, LLC,* 2020 WL 7626773, at *4 (*"*Reversal [of the award of trustee fees] would also require the bankruptcy court to adjudicate an entire adversarial proceeding [because] 'a proceeding to recover money' is an adversarial proceeding.") (quoting Fed. R. Bankr. P. 7001(1)). After all, the cost of the Trustee ($7,267) and attorney fees incurred on behalf of the Trustee ($10,002.50) incurred already in this relatively simple bankruptcy have exceeded $17,000. (*See* ECF No. 4, PageID.199.) Consequently, given the small surplus, the court finds that the first factor weighs against reopening this matter because there is a real possibility that the settled claims of other creditors could be affected.

The second and third factors also weigh against Biondo's appeal. Although failure to seek a stay "is not necessarily fatal[,]" *see City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1225-26 (6th Cir. 1995), the second factor still

6

weighs against Biondo here as she did not seek a stay and the Trustee continued his work and completed a final distribution of the estate's property. "And, finally, given that the Trustee fully administered the estate according to the Trustee's final report, the court finds that the third factor—substantial consummation of the plan—is easily satisfied." *In re Kay Bee Kay Properties, LLC*, 2020 WL 7626773, at *4.

## IV. CONCLUSION

Because all three factors favor a finding of equitable mootness, the court will find that Biondo's appeal of the order granting Gold's "First and Final Fee Application for Services Rendered" is equitably moot. Accordingly,

IT IS ORDERED that Appellant's Caterina Biondo appeal is DISMISSED AS MOOT.

                                                     s/Robert H. Cleland
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: July 6, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 6, 2022, by electronic and/or ordinary mail.

                                                     s/Lisa Wagner
                                                     Case Manager and Deputy Clerk
                                                     (810) 929-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-11462.BIONDO.DenyingBankruptcyAppeal.AAB.docx